Case number five for argument today is United States v. Hise. Let's see. Okay, we have both Mr. Thomas and Mr. Bloodworth. We're ready for argument now in the United States against Hise. Mr. Thomas. Good. I guess. Good morning in Chicago to the panel of judges. Thank you for your time today. My name. Good morning. May it please the court. My name is George Thomas. I am representing Miss Paula Hise in United States v. Paula Hise case number two one dash two nine three five. Quick background. I'm going to stop you immediately, Mr. Thomas, because why are you raising the ineffective assistance claim at this time, rather than preserving it for later when the actual questions can be developed? Well, thank you for the question, Your Honor. I think the the main point is we're raising this because we find that it's how can I put this? It's it requires attention immediately that Miss Hise is trial attorney did not appear at the final determination, even when there was restitution ordered after during the initial sentencing hearing and the court asked if there were any objections. Counsel said no. And then later we find out that the restitution amount needed to be adjusted. And I think that's evidence of an underlying, I think, just skimming over of the issues at hand. How do you think that could be dealt with on appeal in the absence of an evidentiary hearing in which the lawyer would be asked why that decision was made and one would explore what the consequences were? Well, I think on appeal, we can preserve the record for Miss Hise that it wasn't preserved at trial. And I have no idea what you're talking about. The record is what it is. There is no there was no evidentiary hearing in the district court. And we have said on quite a number of occasions that if you raise ineffective assistance on direct appeal without an evidentiary hearing, you can lose but cannot possibly win. Does your client know that this is a no win situation? I believe so, Your Honor. We've explained to her the ramifications of raising this on appeal, and she implored us to continue forward and to be candid with the court. We're doing the best we can, given the circumstances. I don't want to interfere in anything covered by the attorney-client privilege, but I wonder whether it has been explained to her that if she loses on direct appeal, it's over. There cannot be any collateral attack based on ineffective assistance. Does she understand that? It is my understanding, Your Honor, that she does. And I would just like to continue to state that we're here raising this issue because it's our stance that given that counsel was not present during that final determination, that Miss Hise was effectively denied counsel at the final stage of her proceeding. There are a number of things in the trial court, and for those reasons, we believe that a remand and a final determination where counsel is present is appropriate. And unless there's any further questions from the court, I will pass it over to Mr. Bloodworth and reserve any time remaining for rebuttal. All right. Thank you, Mr. Thomas. Mr. Bloodworth. Thank you, Your Honors. May it please the court, Casey Bloodworth on behalf of the appellee, the United States. The court foreshadowed essentially the government's argument in what has been briefed regarding ineffective assistance of counsel. As this court knows, we cannot venture outside of the record below in deciding this issue. And the record below answers all questions related to whether there's deficient performance and even assuming that there may be. There's certainly no prejudice. The record below explains the court's ruling regarding restitution and how the final determination hearing came about and the matters related to that issue. What we are left with then essentially is a question of whether the other arguments in the appellate's brief have even been preserved for this court's review, that being the procedural reasonableness of the sentence and the presumptive reasonableness of the sentence. Before we get there, I did not see anything in your briefing contesting our jurisdiction over her appeal of the amended restitution order. So a separate notice of appeal wasn't filed for the amended order reflecting different restitution, but I didn't see you objecting to that. Right, Your Honor. I believe the court does have jurisdiction over that. I believe her initial notice of appeal encapsulates the amended judgment. The amended judgment was just entered reducing the restitution value by the agreed setoffs from the party. So I'm not sure jurisdiction is implicated. And I believe this court does have jurisdiction. And I think what we're left with is a determination whether the issue regarding the reasonableness, procedural reasonableness of the sentence has even been preserved. But assuming that it has, the record below clearly demonstrates that there's no error, plain or otherwise, and the presumptive substantive reasonableness of the sentence is not sufficiently challenged by the brief and supported by the record. Unless there are any other questions from the court, I'll rest on my briefs. I think they sufficiently discussed the issues and I'll yield my time back to the court, Mr. Thomas. Anything further, Mr. Thomas? Just briefly, I just would like, thank you, Judge. I would like to just mention that in terms of prejudice, Powell v. Alabama noted that merely just showing up to court doesn't satisfy competent representation under Strickland. And it's our position that counsel didn't even show up. So I think that prejudice can be assumed. And like Mr. Bloodworth, we'll rest on the rest of the briefing in this matter and appreciate the court's time and energy this morning. All right. Thank you very much. The case is taken under advisement. Thank you. Our final case of the day is United States v. Hayesburg.